## GREAT WESTERN FUNDING, INC., Plaintiff,

### and

### Intercapital Fund XXI, et al., Intervening Plaintiffs,

### v.

### Mark MENDELSON, et al., Defendants.

### Civ. A. No. 91–CV–5188.

United States District Court, E.D. Pennsylvania.

Sept. 29, 1993.

Timothy I. McCann, Brendan P. Mailey, Linda A. Carpenter, McCann, Mailey & Geschke, Robert T. Vance, Jr., Brown, Vance, Jackson & Smith, Philadelphia, PA, for plaintiffs.

Patrick K. McCoyd, Post & Schell, P.C., Michael K. Coran, Mark L. Alderman, Klehr, Harrison, Harvey, Branzburg & Ellers, Sean T. O'Meara, Archer & Greiner,

---

Philadelphia, PA, for Mendelson, Silverman, Franklin Square Hospital, Hampton Hosp. Group.

Daniel P. Finegan, Joseph P. Dougher, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, Richard A. O'Halloran, Adler & O'Halloran, P.C., Plymouth Meeting, PA, for Obermayer, Golden, MacDonnell, Kupperman, Nix, Miller, Coppolino, Elbaum, Kelly, Checchio, Duffy.

Richard R. Vance, Jr., Brown, Vance, Jackson & Smith Philadelphia, PA, for movants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The Board Defendants [1] and Law Firm Defendants [2] have moved for entry of a Protective Order pursuant to Fed.R.Civ.P. 26(c) so as to stay all proceedings in this matter pending conclusion of proceedings in the United States Bankruptcy Court for the Eastern District of Pennsylvania (hereafter "Bankruptcy Court") involving Defendant Cooper Hospital [3] or, until such time, if applicable, as plaintiff and intervening plaintiffs receive relief from the automatic stay of 11 U.S.C. § 362.

The facts relevant to this issue as alleged in the complaint are as follows. After negotiations, plaintiff, Great Western Funding and defendant, Franklin Square Hospital entered into several agreements which would require plaintiff to provide $2.75 million in funding to defendants. Plaintiff and defendant, Franklin Square Hospital (hereafter "FSH"), entered into a Purchase and Sale Agreement whereby plaintiff agreed to purchase accounts receivable from FSH. It was agreed that plaintiff would get a first lien security interest on all accounts receivable. Plaintiff and FSH entered into a Claims Management Agreement whereby plaintiff was to handle claims for FSH in exchange for a claims management fee of 4.5 percent. Also, Hampton Hospital Group (hereafter "HHG"), who was seeking funding to purchase FSH, agreed to convey a 50 percent interest in HHG to plaintiff.

According to the complaint, plaintiff, GWF has met all of their obligations under the above-described agreements while defendants have not done so. It is plaintiff's position that FSH never intended to provide for GWF's first lien security interest in the accounts receivable and, in fact, gave Concord, another lender, the first lien security interest in those receivables. Plaintiff alleges that defendants refused to permit them to undertake the management of claims as provided in the Claims Management Agreement; Defendants withheld access to records and books and refused to permit computer installation by plaintiff. Alleged in the complaint is that FSH, while bound under the agreement to collect and remit payments on accounts receivable to plaintiff, actually converted these funds. Also, plaintiff alleges that defendant has not conveyed the 50 percent interest in HHG.

On July 2, 1993, after plaintiff and intervening plaintiffs filed suit against the Defendant Cooper Hospital, the Board Defendants and the Law Firm Defendants, Defendant Cooper Hospital filed a Voluntary Bankruptcy Petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101, et seq. On July 28, 1993, plaintiff filed a motion in the Bankruptcy Court seeking relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code. The parties have agreed, by stipulation, to stay this matter pending disposition of Plaintiff's Motion in Bankruptcy Court for relief from the automatic stay. See Exhibit "C" of Defendant's motion for entry of a Protective Order.

1. Board Defendants are: Mark Mendelson, Edward Silverman, D.O., Hampton Hospital Group, Inc., Robert N.C. Nix, III, Esquire, P. Sue Miller, The Honorable Matthew Coppolino, David Elbaum, D.O., Thomas Kelly, Mauro Checchio, and James Duffy.

2. The Law Firm Defendants are: Obermayer, Rebmann, Maxwell & Hippel, Charles M. Golden, Esquire, Robert MacDonnell, Esquire, and Louis B. Kupperman, Esquire.

3. Defendant Cooper Hospital is Cooper Hospital/Center City, formerly known as Franklin Square Hospital.

According to Rule 26 of the Federal Rules of Civil Procedure, the court may, upon a motion by a party, and for good cause shown, make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). The Board Defendants and Law Firm Defendants claim that they will suffer unreasonable annoyance, oppression, burden, and expense if forced to proceed with this matter without the participation of Defendant Cooper Hospital. The plaintiff and intervening plaintiffs claim that the motion should be denied because Defendant Cooper Hospital is not an indispensable party to this action. For the reasons that follow, we must grant the Board Defendants' and Law Firm Defendants' motion for a protective order.

A party seeking a protective order under Rule 26 bears the burden of demonstrating the "good cause" required to support such an order. *Trans–Pacific Insurance Co. v. Trans–Pacific Insurance Co.*, 136 F.R.D. 385, 391 (E.D.PA.1991) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987)). It is the moving party's burden to show a "particular need" for protection. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule." *Id.* (Citing *United States v. Garrett*, 571 F.2d 1323, 1326 (5th Cir.1978)).

At issue here is whether the Board Defendants and Law Firm Defendants have met their burden of showing a "particular need" for protection. We hold that they have met this burden. The Board Defendants and Law Firm Defendants have provided specific examples of the harm they would suffer if required to proceed without Cooper Hospital as a defendant and have put forth articulated reasoning in support of their position.

First, the Board Defendants and Law Firm Defendants will be restricted in their ability to defend against plaintiffs' claims without the participation of Defendant Cooper Hospital. Because of the automatic stay, the Board Defendants and Law Firm Defendants would be unable to conduct discovery from Defendant Cooper Hospital. As the Board Defendants and Law Firm Defendants assert in their motion, this case involves Defendant Cooper Hospital's alleged receipt and disbursement of monies collected on accounts receivable. The Board Defendants and Law Firm Defendants need to conduct discovery of Defendant Cooper Hospital as to the disposition of these monies, among other things, in order to prepare for depositions and/or trial. Also, the contracts which are at the base of plaintiffs' complaint were actually executed by Defendant Cooper Hospital. They have significant knowledge of the important events and issues underlying the contracts. Requiring the Board Defendants and Law Firm Defendants to proceed in the absence of Defendant Cooper Hospital would handicap them in preparing for depositions and/or trial. The plaintiffs acknowledged in their motion to the Bankruptcy Court for relief from the automatic stay, that "[t]he actions of the Hospital are inextricably linked to the actions of the Co–Defendant" in this matter.

Second, the Protective Order clearly will not prejudice the plaintiff and/or intervening plaintiffs. To stay this matter pending conclusion of Defendant Cooper Hospital's bankruptcy proceedings will merely cause a delay in this proceeding.

Third, all parties would be burdened with additional expense if required to proceed without the participation of Defendant Cooper Hospital. Whenever Defendant Cooper Hospital rejoins this suit, the Board Defendants and Law Firm Defendants would be required to prepare for and attend numerous depositions for a second time. This protective order will allow the parties to avoid needless duplication.

These factors, all articulated by the Board Defendants and Law Firm Defendants in their memorandum of law in support of their motion, make out the "good cause" required under Federal Rule of Civil Procedure 26(c). Justice therefore requires that we grant the Board Defendants' and

Law Firm Defendants' motion for entry of a Protective Order.

An appropriate Order follows.

### ORDER

AND NOW, this 29th day of September, 1993, upon consideration of the Joint Motion of Defendants Mark Mendelson, Edward Silverman, D.O., Hampton Hospital Group, Inc., Robert N.C. Nix, III, Esquire, P. Sue Miller, The Honorable F. Matthew Coppolino, David Elbaum, D.O., Thomas Kelly, Mauro A. Checchio, and James Duffy and of Defendants Obermayer, Rebmann, Maxwell, & Hippel, Charles M. Golden, Esquire, Robert MacDonnell, Esquire and Louis B. Kupperman, Esquire for the entry of a Protective Order, and the answer of the plaintiffs and intervening plaintiffs thereto, it is **ORDERED** that:

1. The Motion be and hereby is **GRANTED;** and

2. All proceedings in this matter are **STAYED** unless and until such time as the proceedings in the United States Bankruptcy Court for the Eastern District of Pennsylvania involving Defendant Cooper Hospital/Center City formerly known as "Franklin Square Hospital" are concluded, or until such time as plaintiff and intervening plaintiffs receive relief from the automatic stay of 11 U.S.C. § 362.