**ELF ATOCHEM NORTH AMERICA, INC.**

v.

**UNITED STATES of America, et al.**

**UNITED STATES of America**

v.

**WITCO CORPORATION**

v.

**ELF ATOCHEM NORTH AMERICA, INC.**

Civ. A. Nos. 92–7458, 94–0662.

United States District Court, E.D. Pennsylvania.

April 6, 1995.

William J. Kennedy, Frederick G. Herold, Eli R. Brill, Dechert, Price & Rhoads, Philadelphia, PA, for Elf Atochem North America, Inc.

Brud Rossmann, U.S. Dept. of Justice, Environmental and Natural Resources Div., Jonathan A. Marks, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for U.S., et al.

Michael R. Lazerwitz, Charles F. Lettow, Christopher G. Smith, Cleary, Gottlieb, Steen & Hamilton, Washington, DC, for Witco Corp.

## MEMORANDUM

JOYNER, District Judge.

The United States has filed a Motion in civil action 94-0662 for a Ruling as to the Appropriate Standard and Scope of Review of Agency Action and to Limit the Scope of Discovery.[1] This Motion is directed at Witco Corporation, and that is the only party that has responded. The United States brings this Motion out of a concern that Witco may attempt to challenge the merits of the reme-

---

1. Briefly, the litigation between the United States and Witco is a cost-recovery action for costs the United States has incurred pursuant to the Comprehensive Environmental Response and Recov- ery Act, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. §§ 9601–57 (West 1983 & Supp.1994) (collectively, CERCLA).

dy the EPA chose in the Record of Decision issued in 1990 (1990 ROD). This concern arises out of certain expert reports it has recently received from Witco.

The 1990 ROD has been incorporated into a consent decree between the United States and Elf Atochem North America. Parts of the 1990 ROD and consent decree require Elf to perform certain tests and conduct certain studies, including Treatment Studies. The EPA requires these tests and studies to ensure that the final remedy implemented will be appropriate to meet the EPA's goals of ensuring health and safety.

One of Witco's experts, Frank Vernese, partly relied on the Treatment Studies in making his report. Portions of the Vernese Report are attached to the United States' motion. Our reading of the Vernese Report indicates that it compares the EPA's identified concerns in the 1990 ROD with the remedy EPA chose to resolve those concerns, as well as providing background technical information.[2] What is of primary concern to the United States is that the Vernese Report also uses recently-created information such as the Treatment Studies to bolster its conclusion that the EPA chose an inappropriate remedy.

■ The United States argues that in a cost recovery action a court is limited to examining an agency's decision for abuse of discretion,[3] and that this review is to be based solely on the administrative record. It believes that Witco may attempt to have this Court evaluate the 1990 ROD on a de novo basis. Accordingly, the United States wants this Court to make clear that (1) we will review the 1990 ROD only for abuse of discretion, (2) this review will be based solely on the administrative record, and (3) grant, accordingly, a protective order from discovery on the remedy chosen by the EPA.

■ We begin by noting that Witco does not dispute the basic premise of the United States' motion; namely, that this Court will review the remedy chosen by the EPA under the arbitrary and capricious standard. This standard has been well-established by numerous cases in every circuit. *E.g., United States v. Akzo Coatings of America, Inc.,* 949 F.2d 1409, 1424 (6th Cir.1991); *United States v. Northeastern Pharmaceutical & Chem. Co.,* 810 F.2d 726, 748 (8th Cir.1986), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); *United States v. Gurley Ref. Co.,* 788 F.Supp. 1473 (E.D.Ark.1992), *aff'd and rev'd,* 43 F.3d 1188 (8th Cir.1994). If there were any doubt, the language of CERCLA itself would put the doubt to rest. 42 U.S.C. § 9613(j)(2) provides that a "court shall uphold the President's decision in selecting the response action unless the objecting party can demonstrate, *on the administrative record,* that the decision was *arbitrary and capricious* or otherwise not in accordance with law." (emphasis added). Witco and the United States disagree, however, on the interpretation of the subsection immediately preceding the one just quoted. 42 U.S.C. § 9613(j)(1) provides that in:

any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern *whether any supplemental materials may be considered* by the court.

(emphasis added). The United States encourages this Court to hold that 42 U.S.C. § 9613(j)(1) means that in this case, we may not look at anything beyond the administrative record to determine whether the EPA abused its discretion in establishing the 1990 ROD. It asserts that the language "otherwise applicable principles of administrative

---

**2.** An example of technical explanation is the paragraph that reads:

NSH and APEG are treatment technologies intended to cleave chlorine atoms from chlorinated organic molecules such as DDT and its metabolites, 2,3,7,8–TCDD, and hexachlorobenzene. Neither technology was designed to address inorganic chemicals found at the Site and another unit treatment would be needed to

attain the cleanup goals for inorganics. The additional unit treatment operation would be combined with either NSH or APEG.

U.S. Brief, Exhibit A, attach. 1 at 23.

**3.** The "abuse of discretion" standard and the "arbitrary and capricious" standard are the same. *Donovan v. Adams Steel Erection, Inc.,* 766 F.2d 804, 807 (3d Cir.1985).

law" refers to four generally accepted exceptions to the administrative record rule, and that Witco cannot demonstrate that this case fits into any of the four exceptions. These exceptions allow a court to consider supplemental materials if:

1. judicial review is frustrated because the record fails to explain the agency's actions,

2. the record is incomplete,

3. the agency failed to consider all relevant factors, or

4. there is a strong showing that the agency engaged in improper behavior or acted in bad faith.

*United States v. Princeton Gamma–Tech, Inc.*, 817 F.Supp. 488, 493 (D.N.J.1993) (citing cases).

Witco does not dispute that this case does not fall into one of those categories. However, it asserts, there is another exception that the United States ignores. It argues that when an agency's decision is based on a prediction, post-decision events should not be ignored. It cites the District of Columbia Circuit, which held: "Rule-making is necessarily forward-looking, and by the time judicial review is secured events may have progressed sufficiently to indicate the truth or falsity of agency predictions. We do not think a court need blind itself to such events." *Amoco Oil Co. v. EPA*, 501 F.2d 722, 729 n. 10 (D.C.Cir.1974). *See also Akzo*, 949 F.2d at 1429; *American Iron & Steel Inst. v. EPA*, 526 F.2d 1027, 1055 n. 61 (3d Cir.1975), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978) (challenge to agency regulations); *American Petroleum Inst. v. EPA*, 540 F.2d 1023, 1034 (10th Cir. 1976), *cert. denied*, 430 U.S. 922, 97 S.Ct. 1340, 51 L.Ed.2d 601 (1977) (same).

The United States encourages us to disregard this argument on the basis that the 1990 ROD is not a prediction, and that therefore, the exception is inapplicable. Indeed, Witco has not provided this Court with any support, from the 1990 ROD itself or from other cases, for its proposition that the 1990 ROD is a prediction. We agree with the United States, and note moreover, that none of the cases Witco cites are factually similar to the case at bar. In each case, an agency's regulations are at issue, or, as in *Akzo*, the issue is whether to enforce a consent decree entered into by the EPA and a potentially responsible party. 949 F.2d at 1429. A cost-recovery action is necessarily different from a challenge to agency regulations, and raises different concerns. This case does not involve a regulation, and the consent decree has already been approved by a court. Because of this, we find that this case does not fit into the prediction exception, nor one of the other four exceptions.

■ We are left then, with the question of what information we may consider in our review whether the EPA abused its discretion in issuing the 1990 ROD. As stated above, both CERCLA and case-law make clear that our decision will address only the question whether the 1990 ROD is the result of arbitrary and capricious action, and that this review will be highly deferential, especially when we consider highly technical issues that the EPA deals with daily. *Baltimore Gas & Elec. Co. v. NRDC*, 462 U.S. 87, 103, 103 S.Ct. 2246, 2255, 76 L.Ed.2d 437 (1983); *Northeastern Pharmaceutical*, 810 F.2d at 748. We will examine the administrative record "for errors of procedure and for glaring omissions or mistakes." *Akzo*, 949 F.2d at 1424.

There is no support for the proposition that this Court should consider after-developed evidence from the Treatment Studies or elsewhere, because the question is not whether the EPA was right or wrong, but whether its decision was made without caprice. *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir.1980) (court's consideration of evidence not before administrative agency "inevitably leads the reviewing court to substitute its judgment for that of the agency"). Accordingly, we will base our decision solely on the administrative record.

That said, there still may be a place for experts in our review. Other courts have held that outside evidence may be helpful on a limited basis to decide whether an agency acted arbitrarily and capriciously. These courts have used outside evidence not for historical purposes, but to gain a better understanding of the subject area, or to enlight-

en them as to what the agency could have considered, but did not. *Akzo,* 949 F.2d at 1427 (citing cases); *Asarco,* 616 F.2d at 1159–60 (discussing cases); *County of Bergen v. Dole,* 620 F.Supp. 1009, 1059 (D.N.J. 1985) ("plaintiffs may properly submit their own expert reports in an effort to demonstrate that the agency decision was arbitrary and capricious"), *aff'd,* 800 F.2d 1130 (3d Cir.1986); *see also Wildbur v. Arco Chem. Co.,* 974 F.2d 631, 642 (5th Cir.1992) (ERISA); *Zisel v. Prudential Ins. Co.,* 845 F.Supp. 949, 952 (E.D.N.Y.1994) (ERISA).

■ Courts are especially prone to use outside expert evidence in cases involving highly technical or arcane areas of which the Court may not have much experience. Use of this outside evidence does not change the review to a de novo one, so long as the Court does not use the outside evidence to determine the rightness or wrongness of the agency decision, but solely to evaluate whether there is anything in the record to support the agency's decision.

Applying the above to this litigation, much in the Vernese Report, for example, appears to be based on recent information or inappropriately states opinion as to whether the EPA's decision was right or wrong. However, much could also be helpful to this Court, for example, the parts that address possible inconsistencies in the EPA's reasoning that could possibly demonstrate arbitrariness, or other parts that contain technical information, such as definitions, which could aid this Court in understanding and evaluating the administrative record. It is for this reason that the cases the United States cites for the proposition that outside evidence is never admissible, nor even discoverable in arbitrary and capricious review cases are inapplicable here. Those cases involved expert or factual evidence that addressed the rightness or wrongness of the agency decision. *E.g., Princeton Gamma–Tech,* 817 F.Supp. at 493; *United States v. Mexico Feed & Seed Co.,*

729 F.Supp. 1250, 1256 (E.D.Mo.1990); *United States v. Nicolet, Inc.,* No. 85–3060, 1987 Westlaw 4893 (E.D.Pa. May 12, 1987).

The United States has asked this Court to rule on the scope of our review of the EPA's action, and we have. It also asks us to enter a protective order limiting the scope of discovery. It does not detail what type of protective order it wishes; the proposed order simply states that discovery shall "similarly be limited to the administrative record." We will DENY the United States' request for a protective order because it has not adequately given, nor even attempted to give, "specific examples or articulated reasons" sufficient to justify a "particular need" for a protective order under Federal Rule of Civil Procedure 26(c)(4).[4] *Great Western Funding, Inc. v. Mendelson,* 159 B.R. 450, 452 (E.D.Pa.1993). To the extent that instruction from this Court is necessary to guide discovery into appropriate channels, it is expected that the parties will take guidance from the substantive discussion in this Memorandum. *Mitchell v. Hutchings,* 116 F.R.D. 481, 483, 485 (D.Utah 1987).

An appropriate Order follows.

### ORDER

AND NOW, this 6th day of April, 1995, upon consideration of the United States' Motion for a Ruling as to the Appropriate Standard and Scope of Review of Agency Action and to Limit the Scope of Discovery and responses thereto, it is hereby ORDERED and ADJUDGED that pursuant to § 113(j) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, the adequacy of the "response actions" selected by EPA in connection with the cleanup of the Myers Property Superfund Site will be reviewed by this Court solely on the basis of the administrative record for EPA's discretion, and will be upheld unless found to be arbitrary and capricious or other-

---

4. Even if the United States had indicated what aspects of discovery it would like to curtail, it appears to concede that discovery will go forward regardless. Witco has argued that discovery on the remedy should continue notwithstanding our ruling because it is relevant to the issues of divisibility, allocation and costs. In its Reply

Brief, the United States wrote, "Witco is free to develop through discovery and otherwise make use of any materials, including the Treatability Studies, which it deems relevant to the issues of liability, divisibility, and allocation." Reply Brief at 4.

wise not in accordance with law. It is hereby FURTHER ORDERED that the Motion to Limit the Scope of Discovery is DENIED.